**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TOYOTA MOTOR CREDIT CORP., <br><br> Plaintiff, <br> v. <br><br> CTE 1, LLC, *et al.*, <br><br> Defendants. <br><br> FRANK C. HOLTHAM, JR. AND LEONARD AUTOMOTIVE ENTERPRISES, INC., <br><br> Third-Party Plaintiff <br> v. <br><br> ANDREW UNANUE, *et al.*, <br><br> Third-Party Defendants. | Civil Action No.: 19-19092 (CCC) <br><br> **OPINION & ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court on Plaintiff Toyota Motor Credit Corporation's ("TMCC") motions to dismiss counterclaims filed by defendant Carmine A. DeMaio, III ("DeMaio") (ECF No. 108) and defendant Carmine Zeccardi, Jr. ("Zeccardi") (ECF No. 109), and DeMaio's motion to dismiss crossclaims filed by Zeccardi (ECF No. 112).

**WHEREAS** TMCC filed the instant action on October 17, 2019. ECF No. 1; and

**WHEREAS** TMCC filed an amended complaint (the "Amended Complaint") on April 6, 2020. ECF No. 63. The Amended Complaint alleges that TMCC provided financing and loans to defendants who used this capital to purchase and run a Lexus car dealership in Englewood, New Jersey. Id. at 6–7.

1

The Amended Complaint further alleges that defendants improperly sold vehicles out of trust,[1] breached contracts governing the financing and loans extended by TMCC, and defaulted on their obligations. Id. at 20–31. TMCC asserts claims for breach of contract, replevin, and unjust enrichment in the Amended Complaint and seeks damages totaling over $42 million from defendants. Id. at 36; and

**WHEREAS** DeMaio filed an answer to the Amended Complaint on June 11, 2020. ECF No. 84. In his answer, DeMaio asserts counterclaims against TMCC for breach of contract, breach of the covenant of good faith and fair dealing, and breach of fiduciary duty. Id. at 28–34; and

**WHEREAS** Zeccardi also filed an answer to the Amended Complaint on June 11, 2020. ECF No. 85. In his answer, Zeccardi asserts counterclaims against TMCC for aiding and abetting fraud, breach of the duty of disclosure, negligence, breach of fiduciary duty, and breach of contract. Id. at 55–61. Zeccardi also asserts crossclaims against DeMaio for fraud, negligent misrepresentation, breach of contract, and conversion. Id. at 48–54.; and

**TMCC's Motions to Dismiss DeMaio's and Zeccardi's Counterclaims**

**WHEREAS** TMCC argues that DeMaio's and Zeccardi's counterclaims must be dismissed on the basis that they lack standing to sue TMCC because they are bringing derivative claims that belong CTE 1, LLC ("CTE 1"), the entity which owned the Lexus car dealership in Englewood and received TMCC funding to purchase and operate that dealership. ECF No. 108-1 at 4, 12–14; ECF No. 109 at 4, 10–12.[2] In essence, TMCC argues that DeMaio and Zeccardi are guarantors of CTE 1 and cannot

---

[1] "To the extent that the dealer sells a vehicle in its inventory without paying the principal owed to the floorplan lender, such an occurrence is known as a Sale Out of Trust." ECF No. 63 at 3.

[2] The sole counterclaim which TMCC does not challenge on standing grounds is Zeccardi's counterclaim against TMCC for aiding and abetting fraud. ECF No. 109-1 at 10. This claim must be dismissed, however, as Zeccardi's allegations regarding TMCC's involvement are conclusory recitations of law that fail to provide dates, places, or the names of individuals allegedly involved in fraudulent conduct. See ECF No. 85 at 45 ("TMCC knew, or should have known, that DeMaio falsely represented the existence and/or status of the collateral under Inventory Agreements."); id. at 55 ("TMCC engaged in acts and omissions that aided, abetted, and otherwise furthered the fraud perpetrated by DeMaio."). This pleading

bring claims on its behalf. ECF No. 108-1 at 12, ECF No. 109 at 10.  Although DeMaio and Zeccardi agree that there is a general rule barring a guarantor from bringing derivative claims on behalf of a principal, they argue that their claims are not derivative and, that even if they were, their claims are not barred here because they fall into exceptions to the general rule enunciated below. ECF No. 123 at 7–8; ECF No. 125 at 5; and

**WHEREAS** to determine whether a claim is derivative, the Court must look at whether the alleged harm suffered by the guarantors flows directly from the alleged harm suffered by the principal. *See Days Inn Worldwide, Inc. v. Kentucky S. Properties LLC*, No. 07-4992, 2008 WL 4307188, at *2 (D.N.J. Sept. 16, 2008); *Cont'l Grp., Inc. v. Just.*, 536 F. Supp. 658, 661 (D. Del. 1982).  Here, DeMaio and Zeccardi's alleged harm suffered is derivative of CTE 1's alleged harm because DeMaio and Zeccardi's only relationship with TMCC was as guarantors of TMCC's financing to CTE 1. *See* ECF No. 84 at 22 ("Lexus of Englewood, and its guarantors DeMaio and the other members of CTE 1, hopelessly in debt to TMCC, effectively captive borrowers, could do nothing but sign the new agreements or risk total ruin."); ECF No. 85 at 47 ("Because TMCC continued to provide financing and capital, Zeccardi justifiably believed that the Dealership was, as DeMaio had proclaimed, financially stable and in compliance with the TMCC Agreements."); and

**WHEREAS** as currently pled, the counterclaims against TMCC are thus derivative claims because they flow directly from TMCC's alleged impropriety towards CTE 1 that caused the dealership to fail. *Days Inn*, 2008 WL 4307188, at 2 ("[T]his Court can find no indicia of harm alleged that impacted the [defendants], other than as guarantors . . . .  Absent harm separate and distinct from that suffered by the entity through which the [defendants] conducted their business with [plaintiff], the [defendants lack standing to bring a counterclaim here."); and

---

falls woefully short of the particularized allegations needed to support a fraud claim. *See Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) ("To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation.").

3

**WHEREAS** DeMaio and Zeccardi lack standing to bring their derivative counterclaims against TMCC unless they fit into the three exceptions to the general rule which allow derivative suits where (1) the guarantor has taken assignment of the suit with consent of the principal, (2) the principal is joined in the same lawsuit, or (3) the principal has become insolvent. *See Coldwell Banker Real Est., LLC v. Plummer & Assocs., Inc.*, No. 09-1313, 2009 WL 3230840, at *2 (D.N.J. Oct. 2, 2009) (quoting *Cont'l Grp., Inc.*, 536 F. Supp. at 661); and

**WHEREAS** despite DeMaio's and Zeccardi's arguments that the second and third exceptions apply in this matter because CTE 1 was named in the initial complaint and CTE 1 has entered into bankruptcy proceedings, respectively, the Court finds that none of the exceptions are applicable to the factual allegations currently pled in this matter; and

**WHEREAS** the first exception is inapplicable here as neither DeMaio nor Zeccardi have alleged that CTE 1 assigned its claims to them or that CTE 1 has consented to their use of its claims; and

**WHEREAS** the second exception is inapplicable as CTE 1 has been dropped from this lawsuit and is not named as a defendant in the Amended Complaint. ECF No. 63 at 1 n.1 ("As a result of the automatic stay . . . TMCC has removed causes of action asserted against CTE 1 in the original Complaint from this Amended Complaint. TMCC discusses CTE 1 throughout this Amended Complaint solely in its capacity as a non-defendant third party, in order to provide facts underlying the bases for allegations and causes of action against remaining original non-debtor Defendants and new Defendant Landfrank."); and

**WHEREAS** the third exception is not applicable because there are no allegations in the Amended Complaint, DeMaio's answer, or Zeccardi's answer that CTE 1 is insolvent. *See Cont'l Grp., Inc.*, 536 F. Supp. at 662 n.2 (relying on explicit allegations in answer that principal was insolvent to apply third exception and instructing defendant guarantors to reallege that principal was insolvent when

amending their counterclaims); and

**WHEREAS** while there are various allegations that CTE 1 has entered into Chapter 11 bankruptcy proceedings, bankruptcy and insolvency are distinct legal principles and the Court is hesitant to extend the third exception to the general rule barring derivative suits by guarantors without compelling authority to do so. *See Loc. 478 Trucking & Allied Indus. Pension Fund v. Jayne*, 778 F. Supp. 1289, 1322 n.40 (D.N.J. 1991) ("Although bankruptcy laws are related to the ability to pay, the primary focus is on allowing a bankrupt entity to start afresh."); *In re Gottlieb & Co.*, 245 F. 139, 147 (D.N.J. 1917), *aff'd sub nom. Rosenberg v. Semple*, 257 F. 72 (3d Cir. 1919) ("There having been no adjudication in the first bankruptcy proceedings, there is no legal presumption that Gottlieb & Co. was insolvent, within the meaning of the bankruptcy law, at the time such proceedings were brought to an end."). Neither DeMaio nor Zeccardi have provided the Court with such authority; and

**WHEREAS** the Court finds that DeMaio and Zeccardi lack standing to assert their counterclaims at this time as they appear to be derivative claims brought on behalf of CTE 1 and the factual allegations currently pled do not support a finding that an exception to the general rule barring derivative claims is present here; and

**DeMaio's Motion to Dismiss Zeccardi's Crossclaims**

**WHEREAS** DeMaio asserts that Zeccardi's crossclaims must be dismissed because the Court lacks subject matter jurisdiction over the state law crossclaims brought by a New Jersey resident against a New Jersey resident and that the crossclaims fail to satisfy the test for supplemental jurisdiction. ECF No. 112-1 at 4; and

**WHEREAS** Zeccardi responds that the Court has supplemental jurisdiction over his crossclaims as they "can 'fairly be regarded as part of the same case or controversy as the claims advanced by TMCC.'" ECF No. 124 at 4 (quoting *Mission Motorcycle, Inc. v. Vincent IP*, 2016 WL 126364, at *1 (D.N.J. Jan. 11, 2016); and

**WHEREAS** the Court has diversity subject matter jurisdiction over this matter under 28 U.S.C. § 1332. ECF No. 63 at 5; and

**WHEREAS** the test for supplemental jurisdiction is whether additional claims are "factually interdependent" with those originally asserted by the plaintiff. *See In re Cmty. Bank of N. Virginia Mortg. Lending Practices Litig.*, 911 F.3d 666, 671 (3d Cir. 2018) (internal citation and quotation marks omitted) ("Courts may also assert ancillary jurisdiction . . . to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent."). A court's decision as to whether it should exercise supplemental jurisdiction is discretionary. *Id.* at 671 n.2.; and

**WHEREAS** the Court finds that Zeccardi's crossclaims against DeMaio are not factually interdependent with TMCC's claims against defendants because they largely rely on entirely separate factual allegations. While TMCC's claims focus on the financing agreements and guarantees entered into by the parties centered around the Lexus of Englewood car dealership, Zeccardi's claims against DeMaio are far broader and hinge on various extraneous allegations regarding DeMaio's alleged misrepresentations to Zeccardi and DeMaio's alleged misuse of Zeccardi's investments that have no bearing on TMCC's claims asserted in the Amended Complaint; and

**WHEREAS,** as such, this is not a case where the crossclaims are "factually interdependent" or even "part of the same case or controversy." *In re Cmty. Bank of N. Virginia Mortg. Lending Practices Litig.*, 911 F.3d at 671; *Mission Motorcycle, Inc.*, 2016 WL 126364, at *1. Thus, this Court declines to exercise supplemental jurisdiction over Zeccardi's crossclaim as currently pled; and

**WHEREAS** the Court additionally notes that the discretionary factors of 28 U.S.C. 1367(c) militate against exercising discretion over these crossclaims as delving into the convoluted and complex business relationship between DeMaio and Zeccardi (and possibly others) would threaten to predominate this action and would not serve the interests of judicial efficiency and economy; and

**WHEREAS** DeMaio and Zeccardi are granted leave to amend their counterclaims and

crossclaims to the extent they are able to remedy the pleading deficiencies identified within this Opinion & Order. The Court notes, however, that the parties to this litigation have been actively discussing resolution and DeMaio and Zeccardi, as well as TMCC, are urged to further participate in such discussions in good faith. *See generally* ECF No. 157.

Accordingly, **IT IS** on this 23rd day of March, 2021:

**ORDERED** that TMCC's motion to dismiss DeMaio's counterclaims (ECF No. 108) is **GRANTED**; and it is further

**ORDERED** that TMCC's motion to dismiss Zeccardi's counterclaims (ECF No. 109) is **GRANTED**; and it is further

**ORDERED** that DeMaio's motion to dismiss Zeccardi's crossclaims (ECF No. 112) is **GRANTED**; and it is finally

**ORDERED** that these dismissals are without prejudice. DeMaio and Zeccardi may file amended counterclaims and crossclaims within thirty (30) days of entry of this Opinion & Order.

_____
**CLAIRE C. CECCHI, U.S.D.J.**