**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| TOYOTA MOTOR CREDIT CORPORATION,<br><br>                Plaintiff,<br>v.<br><br>CTE 1 LLC *et al.*,<br><br>                Defendants. | Civil Action No.: 2:19-cv-19092<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court on plaintiff Toyota Motor Credit Corporation's ("Plaintiff") motion to dismiss amended counterclaims (ECF No. 166) filed by defendant Carmine A. DeMaio, III ("Defendant"). ECF No. 164.

**WHEREAS** Plaintiff filed the instant action on October 17, 2019 (ECF No. 1), and an amended Complaint on April 6, 2020. ECF No. 63 ("FAC"). In the FAC, Plaintiff alleges that it contracted with a car dealership located in New Jersey, owned and operated by Defendant, to provide it with loans and financing. *Id.* at 6–7. Plaintiff also asserts that Defendant contracted with Plaintiff to serve as the car dealership's guarantor for the parties' financing agreements. *Id.* at 4. Plaintiff further alleges that the car dealership used this financing to purchase inventory and run its operations. *Id.* at 6–7. Plaintiff alleges that the car dealership then defaulted on these loans, and, subsequently, entered Chapter 11 bankruptcy proceedings. *Id.* at 22, 30. Plaintiff claims that Defendant, in his capacity as guarantor, has failed to pay off the car dealership's outstanding debt as required by the loan documents. *Id.* at 20–21; and

**WHEREAS** on June 11, 2020, Defendant filed an answer to the amended complaint, which contained counterclaims asserted against Plaintiff for breach of contract, breach of the covenant of

good faith and fair dealing, and breach of fiduciary duty. ECF No. 84 at 28–34; and

**WHEREAS** this Court subsequently dismissed Defendant's counterclaims without prejudice on the grounds that the counterclaims constituted improper derivative claims brought on behalf of the car dealership. ECF No. 159 at 3 (holding that Defendant's claims improperly "flow[ed] directly from TMCC's alleged impropriety towards [the car dealership] that caused the dealership to fail"). In its Opinion, the Court found that Defendant's counterclaims would be properly pled if Defendant alleged that the car dealership was insolvent, an exception to the general rule barring derivative claims. *See Coldwell Banker Real Est., LLC v. Plummer & Assocs., Inc.*, No. 09-1313, 2009 WL 3230840, at *2 (D.N.J. Oct. 2, 2009) ((finding that a guarantor may bring a derivative suit on behalf of a principal if the principal has become insolvent) citing *Cont'l Grp., Inc. v. Justice*, 536 F. Supp. 658, 661 (D. Del. 1982))); *see also* ECF No. 159 at 4–5; and

**WHEREAS** Defendant thereafter filed an amended answer to the amended complaint, which once again contained counterclaims asserted against Plaintiff for breach of contract, breach of the covenant of good faith and fair dealing, and breach of fiduciary duty. ECF No. 164. However, in his amended counterclaims, Defendant adequately alleged the car dealership's insolvency. ECF No. 164 at 26, ¶¶ 26–27, 29; and

**WHEREAS** Plaintiff then moved to dismiss the amended counterclaims, arguing that, as this Court previously held, Defendant lacks standing to bring these claims as they constitute improper derivative claims brought on behalf of the car dealership. ECF No. 166 at 11. But even if Defendant has standing because he properly availed himself of the insolvency exception, Plaintiff argues that Defendant's derivative claims are barred as the car dealership released any claims against Plaintiff in its bankruptcy confirmation order. *Id.* at 12–13; and

**WHEREAS** the Court agrees with Plaintiff. Specifically, while Defendant has standing to assert his derivative counterclaims because he has alleged that the car dealership is insolvent, *see Coldwell Banker*, 2009 WL 3230840, at *2, the car dealership's bankruptcy confirmation order has nevertheless released Plaintiff of any liability for such claims; and

**WHEREAS** indeed, the confirmation order states, in relevant part, that interested parties, including the car dealership, "forever release unconditionally . . . [Plaintiff] . . . from . . . released claims, which . . . include any and all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of actions [including derivative claims (II.A.16)], and liabilities." ECF No. 166-3 at 76; and

**WHEREAS** to the extent Defendant brings derivative claims because he opted out of the bankruptcy confirmation order's release (ECF No. 169-3), that contention lacks merit. As stated above, these claims are derivative. As such, they belong to the car dealership, and the car dealership chose to release Plaintiff of any liability, including liability stemming from derivative claims. *See In re JMO Wind Down, Inc.*, No. 16-10682, 2018 WL 1792185, at *6 (Bankr. D. Del. Apr. 13, 2018) (finding that derivative claims belong to the contracting entity, not its guarantor); *In re SemCrude L.P.*, 796 F.3d 310, 321 (3d Cir. 2015) (same). Thus, because the car dealership has extinguished any derivative claims through its confirmation order, there is no claim for Defendant to bring on its behalf; and

**WHEREAS** accordingly, Defendant's amended counterclaims are dismissed without prejudice. The Court also notes that Defendant filed proposed amended counterclaims (ECF No. 169-6), but those claims would also fail because he once again proposes to bring a derivative action on behalf of the car dealership arising from the loan agreements; and

**WHEREAS** to the extent that Defendant can cure the pleading deficiencies discussed above, he may file amended counterclaims within thirty (30) days of this Order.

Accordingly, **IT IS** on this 30th day of November, 2021,

**ORDERED** that Plaintiff's motion to dismiss (ECF No. 166) is granted; and

**ORDERED** that Defendant's amended counterclaims are dismissed without prejudice.

**SO ORDERED.**

CLAIRE C. CECCHI, U.S.D.J.