**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TOYOTA MOTOR CREDIT CORPORATION,<br>Plaintiff,<br>v.<br>CTE 1 LLC, et al.,<br>Defendants. | Civil Action No.: 19-cv-19092<br><br>**OPINION** |

**CECCHI, District Judge.**

## I. INTRODUCTION

This matter comes before the Court on plaintiff Toyota Motor Credit Corporation's ("Plaintiff") motion for sanctions against Defendant Carmine A. DeMaio III ("Defendant") and his counsel Sills Cummis & Gross P.C., Joseph B. Fiorenzo, Esq., and David W. Phillips, Esq., pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the Court's inherent authority to control litigation. ECF No. 207. Defendant opposed the motion, and cross-moved for sanctions pursuant to this Court's inherent authority against Plaintiff. ECF No. 214. Plaintiff then replied. ECF No. 219. The Court has considered the submissions made in support of and in opposition to the motions and decides the matters without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, both Plaintiff's motion and Defendant's cross-motion for sanctions are denied.

## II. BACKGROUND

This matter arises out of allegations that Defendant, in his capacity as guarantor of a car dealership, has failed to pay off the car dealership's outstanding debt as is required by a series of loan documents purportedly agreed to by the parties.[1]

Plaintiff initiated the instant action in October 2019 (ECF No. 1), and later filed an amended complaint on April 6, 2020, alleging claims for breach of contract, replevin, and unjust enrichment (ECF No. 63). On June 11, 2020, Defendant filed an answer to the amended complaint and asserted counterclaims against Plaintiff for breach of contract, breach of the covenant of good faith and fair dealing, and breach of fiduciary duty. ECF No. 84. Plaintiff then moved to dismiss Defendant's counterclaims (ECF No. 108), and at the conclusion of briefing, this Court entered an opinion and order granting Plaintiff's motion and dismissing Defendant's counterclaims without prejudice (ECF No. 159). In its decision, the Court reasoned that Defendant's counterclaims constituted improper derivative claims brought by Defendant on behalf of the car dealership (*id.* at 3), but noted that Defendant's counterclaims could potentially be properly pleaded if Defendant demonstrated that the car dealership was insolvent (*id.* at 4–5) (citing *Coldwell Banker Real Estate, LLC v. Plummer & Assocs., Inc.*, No. 09-cv-1313, 2009 WL 3230840, at *2 (D.N.J. Oct. 2, 2009) (citation omitted))

Pursuant to the Court's directive, Defendant filed a first amended answer and amended counterclaims, alleging that the car dealership was insolvent and bringing claims for breach of contract, breach of the covenant of good faith and fair dealing, and breach of fiduciary duty. ECF No. 164. Thereafter, Plaintiff moved to dismiss the first amended counterclaims, and following the completion of briefing, the Court entered an opinion and order on November 30, 2021 granting

[1] As the Court writes only for the parties, it assumes familiarity with the underlying record.

Plaintiff's motion and dismissing Defendant's first amended counterclaims without prejudice. ECF No. 191. The Court determined that while Plaintiff had sufficiently pleaded insolvency allowing him to bring claims brought on behalf of the car dealership, the dealership's bankruptcy confirmation order released Plaintiff of any potential liability stemming from Defendant's counterclaims. *Id.* at 2. The Court cautioned that to the extent he was able to assert claims not released during bankruptcy, Defendant could amend his counterclaims within 30 days of entry of the order. *Id*. at 4. Concurrent with its decision, the Court referred the matter *sua sponte* to mediation. ECF No. 192.

On December 30, 2021, Defendant filed a second amended answer and amended counterclaims. ECF No. 195. Subsequently, Plaintiff moved to dismiss Defendant's second amended counterclaims on January 20, 2022. ECF No. 198. Before briefing on the motion could be completed, Magistrate Judge Edward Kiel ordered the parties to attend a settlement conference before him on March 10, 2022, and administratively terminated Plaintiff's motion to dismiss pending the results of the conference. ECF No. 202. After an unsuccessful settlement conference, Judge Kiel ordered Plaintiff's motion to dismiss Defendant's second amended counterclaims be reinstated. ECF No. 206.

On March 11, 2022, Plaintiff moved for sanctions pursuant to Federal Rule on Civil Procedure 11, 28 U.S.C. § 1927, and this Court's inherent authority to control litigation against Defendant and his counsel Sills Cummis & Gross P.C., Joseph B. Fiorenzo, Esq., and David W. Phillips, Esq. ECF No. 207. Plaintiff requests that the Court dismiss Defendant's second amended counterclaims with prejudice and award Plaintiff attorneys' fees and costs. *Id.* Defendant opposed Plaintiff's motion on April 25, 2022 and filed a cross-motion for sanctions pursuant to the Court's inherent authority. ECF No. 214. Plaintiff replied. ECF No. 219.

## III. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 11

The decision to grant a motion for sanctions is within the discretion of the trial judge and is awarded under Rule 11 "only in the exceptional circumstances where a claim or motion is patently unmeritorious or frivolous." *Goldenberg v. Indel, Inc.*, No. 09-cv-5202, 2011 WL 1134454, at *2 (D.N.J. Mar. 24, 2011) (citing *Watson v. City of Salem*, 934 F. Supp. 643, 662 (D.N.J. 1995); *Thomas & Betts Corp. v. Richards Mfg. Co.*, 342 F. App'x 754, 762 (3d Cir. 2009)). The standard used in the Third Circuit to determine whether sanctions are appropriate is "reasonableness under the circumstances." *Brubaker Kitchens, Inc. v. Brown*, 280 F. App'x 174, 184 (3d Cir. 2008) (internal citations omitted). Reasonableness is "an objective knowledge or belief at the time of filing a challenged paper that the claim was well grounded in law and fact." *Ford Motor Co. v. Summit Prods., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991); *see also Higgins v. Wells Fargo Bank, N.A.*, No. 15-cv-1409, 2017 WL 1086327, at *6 (D.N.J. Mar. 21, 2017).

### B. 18 U.S.C. § 1927

Sanctions may also be imposed pursuant to 28 U.S.C. § 1927. Under section 1927, the Court may impose on an attorney "excess costs, expenses, and attorneys' fees reasonably incurred" if the attorney "so multiplies the proceedings in any case unreasonably and vexatiously." In determining whether such an imposition is warranted, the Court must "find an attorney has (1) multiplied proceedings; in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." *In re Prosser*, 777 F.3d 154, 162 (3d Cir. 2015) (internal quotation omitted); *see SWJ Mgmt. LLC v. Liberty Harbor Holding LLC*, No. 14-cv-3311, 2017 WL 436249, at *2 (D.N.J. Jan. 30, 2017).

### C. Inherent Authority

In addition, a court may impose sanctions pursuant "to its inherent authority to control litigation." *Vilinksy v. Phelan Hallinan Diamond & Jones, PC*, No. 15-cv-650, 2015 WL 5996286, at *2 (D.N.J. Oct. 13, 2015) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 35 (1991)). However, "[b]ecause of their very potency, inherent powers must be exercised with restraint and caution." *In Re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 189 (3d Cir. 2002) (quoting *Chambers*, 501 U.S. at 44). Accordingly, "a court's inherent power should be reserved for those cases in which the conduct of a party or an attorney is egregious and no other basis for sanctions exists." *Martin v. Brown*, 63 F.3d 1252, 1265 (3d Cir. 1995).

## IV. DISCUSSION

### A. Plaintiff's Motion for Sanctions

Generally, Plaintiff argues sanctions are warranted because Defendant has asserted "fundamentally the same allegations" against Plaintiff in his second amended counterclaims as have been previously reviewed and dismissed by the Court. *See generally* ECF No. 207. And further, by filing these duplicative counterclaims, Plaintiff avers that Defendant has violated a Court order, which allowed him to amend his counterclaims only insofar as he could remedy his pleading deficiencies. *Id.* Moreover, Plaintiff contends that to the extent that the second amended counterclaims contain any new information, they are a reformulation of Defendant's "prior, baseless, and implausible allegations that [Plaintiff] was, in effect, out to get him." *Id.* at 6. As such, Plaintiff asserts that the second amended counterclaims are not justified by facts or law and reflect a lack of reasonable inquiry into the viability of the factual and legal contentions asserted in Defendant's pleadings. Thus, according to Plaintiff, Defendant and his counsel filed the second amended counterclaims "to harass, cause unnecessary delay, or needlessly increase the cost of

litigation" in violation of Rule 11. *Id.* at 12 (citing Fed. R. Civ. P. 11(b)). The Court will consider Plaintiff's factual and legal bases for Rule 11 sanctions in turn. *United Assoc'n of Plumbers & Pipefitters Local 322 of S. N.J. v. Mallinckrodt Ard, LLC*, No. 20-cv-188, 2021 WL 2565464, at *3–*4 (D.N.J. June 23, 2021).

Beginning with its factual arguments, Plaintiff asserts that Defendant's allegations have no evidentiary support, and thus asserting them against Plaintiff warrants Rule 11 sanctions. First, Plaintiff characterizes Defendant's primary contention to be that "[Plaintiff] adopted a practice of notifying [the car dealership] of inventory audits so that [the car dealership] could game the system" to ensure that appropriate inventory was accounted for and default procedures were not triggered. *Id.* at 13. However, Plaintiff allegedly did not provide such warning to the dealership in advance of the audit which gave rise to the current litigation. *Id*. Plaintiff asserts these allegations cannot be credited because they are "premised on the notion that [Plaintiff] purposefully acted against its own interest and consented to be defrauded, and is belied by the fact that Plaintiff is still owed over $14 million as a result of the [fraud] perpetuated by [Defendant]." *Id.* Second, Plaintiff notes that Defendant purportedly asserts that Plaintiff conspired with Defendant's business partners, Frank Holtham and Carmine Zeccardi, co-defendants in this action, to force Defendant out of the car dealership. *Id.* at 14. Plaintiff contends this theory is unsupported, as Plaintiff sued both those individuals for their roles in the alleged fraudulent scheme. *Id.* Third, Plaintiff avers that the Court should not heed Defendant's allegations that was he coerced into executing the loan documents, making him guarantor of the car dealership's debts, because "he knowingly entered these [agreements], and as manager [of the car dealership] had access to documents to know what they required of him." *Id.* at 14. In sum, Plaintiff believes these allegations will not ever gain factual support "because they simply are inaccurate," and accordingly, asserting them in the second

amended counterclaims constitute a violation of Rule 11. *Id.* at 14–15 (quoting *Keister v. PPL Corp.*, 318 F.R.D. 247, 262 (M.D. Pa. 2015)).

Turning next the Defendant's legal arguments, Plaintiff asserts that even if the Court were to find that the factual allegations were reasonable, Defendant's legal claims are not, and thus Rule 11 sanctions are justified. Specifically, Plaintiff contends that Defendant's allegations "constitute the same claims this Court has three times found to be derivative" and that Defendant cannot assert them now because Plaintiff was released from any potential liability resulting from the claims during the car dealership's bankruptcy proceedings. *Id.* at 15, 17. As such, in Plaintiff's view, if Defendant and his counsel "had made reasonable inquiry into the legal bases for Defendant's claims," they would not have refiled these purportedly duplicative claims in the second amended counterclaims. *Id.* at 17.

Although determining whether Rule 11 sanctions are appropriate turns on whether a party's claims are reasonable—that is, whether a claim is "well grounded in law and fact," *Ford Motor Co.*, 930 F.2d at 289—Rule 11 is "not an appropriate vehicle for resolving legal or factual disputes," or "addressing the strengths or merits of a claim." *Murphy v. EISAI, Inc.*, No. 19-cv-17552, 2021 WL 1399864, at *2 (D.N.J. Apr. 9, 2021) (quoting *Strikeforce Techs., Inc. v. WhiteSky Inc.*, No. 13-cv-1895, 2013 WL 5574643, at *4 (D.N.J. Oct. 9, 2013)). Here, Plaintiff's motion for sanctions is aimed at the merits of its dispute with Defendant. As noted above, Plaintiff argues sanctions are warranted because Defendant's allegations asserted in his second amended counterclaims will not be shown through discovery to be supported by evidence. ECF No. 207 at 22. Plaintiff further contends that Defendant's pending legal claims are duplicative and deficient—as this Court has previously determined—because they were waived during the car dealership's bankruptcy proceedings. *Id.* Indeed, Plaintiff requests that, as part of any relief, the Court dismiss

Defendant's counterclaims with prejudice, suggesting that the Court should assess the merits of Defendant's pleadings. At bottom, Plaintiff asks the Court to determine the legal sufficiency of Defendant's claims, an analysis better suited herein for a motion to dismiss, not a motion for sanctions. *Tiger Supplies Inc. v. MAV Assocs. LLC*, No. 20-cv-15566, 2022 WL 195858, at *2 (D.N.J. Jan. 21, 2022); *D'Ottavio v. Slack Techs.*, No. 18-cv-9082, 2019 WL 1594270, at *6 (D.N.J. Apr. 15, 2019). Accordingly, Plaintiff motion for sanctions pursuant to Rule 11 is denied.[2]

**B. Defendant's Cross-Motion for Sanctions**

In its cross-motion, Defendant argues that the Court should impose sanctions on Plaintiff pursuant to its inherent authority to control these proceedings because Plaintiff has disregarded local rules and disrupted settlement discussions. First, Defendant argues that Plaintiff purposefully violated Local Civil Rule 301.1(e)(6), which states, in relevant part, that "all proceedings (including motion practice and discovery) shall be stayed for a period of 90 days from the date a civil action is referred to mediation." Specifically, Defendant notes that after the parties were referred to mediation on November 30, 2021, but sooner than 90 days from that date, Plaintiff filed its motion to dismiss Defendant's second amended counterclaims. ECF No. 214 at 1–2. And second, Defendant contends that Plaintiff gave notice of the instant motion for sanctions approximately three weeks before the parties were due to appear before Judge Kiel for a settlement

[2] To the extent Plaintiff also argues that the Court should impose sanctions on Defendant pursuant to section 1927 or the Court's inherent powers, that application is unavailing. Plaintiff argues that sanctions on these grounds are warranted because Defendant and his counsel's conduct unreasonably multiplied the proceedings, and was carried out in bad faith. ECF No. 207 at 20. However, the Court afforded Defendant an opportunity to file amended counterclaims (ECF No. 191), and beyond asserting that the allegations therein are frivolous, Plaintiff has not identified any specific conduct by Defendant or his lawyers that rises to the level of any undue or bad faith behavior. Thus, as Plaintiff's arguments are ultimately tied to the resolution of its pending motion to dismiss, a determination regarding sanctions on section 1927 or inherent authority grounds is not appropriate at this juncture. *Braun v. Schwartz*, No. 12-cv-6224, 2013 WL 4008820, at *4 (D.N.J. Aug. 5, 2013).

conference, indicating that the purpose of Plaintiff's sanction motion "was to disrupt [Defendant]'s preparation for the settlement conference, both by distracting him from the settlement process with the fear of sanctions, and by driving a wedge between client and counsel." *Id.* at 1. More generally, Defendant argues that Plaintiff served these two motions on Defendant in contravention of the mediation stay to leverage its position in settlement and mediation sessions, thereby not participating in the settlement discussions in good faith. *Id.* at 12.

Here, Plaintiff's conduct does not warrant the exercise of the Court's inherent authority to impose sanctions. Defendant principally contends that Plaintiff violated a mediation stay pursuant to Local Civil Rule 301.1(e)(6). However, despite Defendant's argument that the Court's mediation order entered on November 30, 2021 should have stayed all proceedings in this matter, both parties, Defendant included, continued to make filings and engage with Magistrate Judge Kiel. *See, e.g.,* ECF Nos. 193–206. Specifically, Defendant filed his second amended answer and amended counterclaims, which Plaintiff then opposed via its motion to dismiss. Moreover, the parties appeared before Judge Kiel for a telephone conference and to schedule settlement discussions with the Court, separate and apart from any discussions they had with the mediator. And to the extent Defendant contends this activity, including Plaintiff's notice to Defendant that it intended to pursue sanctions, may have impacted any settlement talks, it is neither extreme nor egregious conduct, and does not warrant the Court to exercise its inherent power to sanction. *Computer Power, Inc. v. Myers/NuArt Elec. Prods. Inc.*, No. 01-cv-2451, 2002 WL 84057, at *2 (D.N.J. Jan. 18, 2002) (quoting *Klein v. Stahl GMBH & Co. Maschinefabrik*, 185 F.3d 98, 109 (3d Cir. 1999)). Accordingly, the Court declines to impose sanctions on Plaintiff pursuant to its inherent authority, and, as a result, Defendant's motion for sanctions is denied.

## V. CONCLUSION

For the reasons set forth above, Plaintiff motion (ECF No. 207) and Defendant's cross-motion (ECF No. 214) for sanctions are denied. An appropriate Order accompanies this Opinion.

**DATED**: October 28, 2022

s/ Claire C. Cecchi

**CLAIRE C. CECCHI, U.S.D.J.**